UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT KLINE,

        Petitioner,

v.                                                  Case No. 15-C-1493

SCOTT ECKSTEIN,

        Respondent.

## SCREENING ORDER DISMISSING PETITION

Petitioner Scott Kline filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. After a bloody stabbing using a sword, Petitioner was convicted in Marinette County Circuit Court of aggravated battery and was sentenced to 20 years of imprisonment. He is currently incarcerated at Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The Petitioner raises claims alleging ineffective assistance of pre-trial, trial and appellate counsel; illegal arrest; and failure to conduct a probable cause hearing within 48 hours of arrest. Since his conviction, he has pressed these claims aggressively and repeatedly in the state courts, to no avail.

Under 28 U.S.C. § 2254(d), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See also Williams v. Taylor,* 529 U.S. 362, 412 (2000).

**I. Analysis**

Although the Petitioner brings claims that are independent of his ineffective assistance claims, the independent claims are all subsumed in the ineffective assistance claims. That is, all of his claims must arise under the rubric of ineffective assistance because he did not bring the claims in his direct appeal. The failure to do so made the ineffective assistance claims the only vehicle through which he could argue these issues to the state courts (on a *pro se* basis). In short, Kline asserts that his appellate counsel was ineffective for failing to argue the following points: (1) that trial and pre-trial counsel were ineffective; (2) his arrest was illegal; (3) there was a *Riverside* violation; (4) there was no probable cause at preliminary hearing; (5) there was a Double Jeopardy violation and (6) the prosecutor engaged in misconduct.

A central hurdle for all ineffective assistance claims is that courts grant a great deal of deference to the decisions attorneys make during and after trial. The reason for that is both practical

2

and substantive. As a practical matter, if such claims were easy, every defendant who lost would attempt to play Monday-morning quarterback by re-hashing the decisions his counsel made during trial or appeal. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland v. Washington,* 466 U.S. 668, 689 (1984). Second, as a matter of substance, counsel's decisions are entitled to deference because it is presumed that trained lawyers who are familiar with the defendant's case will make reasonable decisions about the best course to follow, and often there is more than one strategy that would be reasonable under the circumstances.

That level of deference is doubled in a § 2254 proceeding. *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011). That is, I must first take "a highly deferential look at counsel's performance," *id.*, in which "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690. Then, I must view the claim through the "deferential lens of § 2254(d)." *Pinholster,* 563 U.S. at 190. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Harrington v. Richter,* 562 U.S. 86, 105 (2011). If there is, the petitioner cannot obtain relief.

First, Kline argues his attorneys should have argued that his arrest was illegal. The trial court hearing Kline's postconviction motion noted that Kline was found wearing "only blue jeans with blood on them," and had instructed others in the vicinity, including a small child, not to talk to the police. (ECF No. 1-1 at 12-13.) The court of appeals made the same observations, noting

3

that the attempt to interfere with the investigation demonstrated evidence of guilt. (*Id.* at 18.) Based on that, it would be extremely difficult to say in the first instance that counsel was ineffective for failing to challenge the arrest; it is impossible to do so on federal habeas review.

Second, Kline argues counsel should have argued there was a violation of *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991), which generally requires a hearing within 48 hours. The state courts found that his argument on this point was conclusory and off the mark, given that there was evidence he did have probable cause determination by a court commissioner within 48 hours. (*Id.* at 19.) Moreover, even if a *Riverside* violation had occurred, that does not mean the defendant escapes criminal liability. *Edmonson v. Harrington,* No. 09–CV–2073, 2013 WL 2178320, *7 (N.D.Ill. May 20, 2013) ("[T]he United States Supreme Court has never held that the Fourth Amendment requires the suppression of statements obtained after a *Riverside* . . violation.). Thus, it makes sense that counsel did not raise the matter, and therefore there is no way to conclude that the state courts unreasonably applied any Supreme Court precedent in finding no ineffective assistance of counsel.

Third, Kline argues that counsel should have argued there was insufficient probable cause at his hearing. The court of appeals established four independent reasons why this argument failed, not least because probable cause had, in fact, been established by the testimony of other witnesses. The fact that the man who had been stabbed did not testify (he was described as having nearly died) does not negate probable cause. In addition, the court noted that even if his argument were successful, he could not show prejudice because there was no bar to the state simply recharging him and conducting a new hearing. Again, it is not surprising that none of Petitioner's lawyers raised this meritless argument.

4

Fourth, the Petitioner alleged counsel should have argued a Double Jeopardy violation. Kline was convicted of two counts of aggravated battery—one for the stabbing itself, and a second one for cutting the victim's fingers with the sword in a separate act. The state courts noted that each charge required proof of an element not contained in the other, and so each event was a separate act punishable as an independent crime. The court concluded that counsel was therefore under no obligation to raise the issue, and there is no perceptible error in that conclusion.

Finally, Kline argues that counsel should have argued prosecutorial misconduct, namely, that the prosecutor suborned perjury when he allowed the victim to testify that Kline's sword had left a mark on his chest. Kline observed that there had been no medical record of that injury, and from that he concludes the victim must have been lying. It is unclear what Kline believes counsel should have done under such circumstances. As the court of appeals noted, the mere fact that the injury was not documented in the medical record does not mean the testimony was necessarily perjury, much less that the prosecutor somehow knew it was false testimony. This means that counsel would not have had any basis to allege perjury, misconduct, or anything else. Accordingly, there was no issue that trial or appellate counsel could have used to obtain a mistrial.

## II. Conclusion

Because it appears plain from the petition that no relief is warranted under § 2254, the petition is dismissed. No certificate of appealability will issue, as I do not find the violation of any constitutional right, 28 U.S.C. § 2253(c)(2), nor could reasonable jurists debate the outcome.

**SO ORDERED** this 10th day of February, 2016.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

5